UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tiffany Martin and Sandy Martin, | ) | Civil Action No.: 4:15-cv-04134-RBH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bristol West Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiffs Tiffany and Sandy Martin filed this action asserting contract and tort claims against Defendant Bristol West Insurance Company. The matter is before the Court for resolution of Defendant's motion to dismiss, or in the alternative, motion to stay. For the reasons explained below, the Court grants Defendant's motion to dismiss and dismisses this action without prejudice.

## **Factual and Procedural History**

On August 24, 2012, Plaintiff Tiffany Martin was the driver of a Jeep owned and insured by Plaintiff Sandy Martin. Complaint, ECF No. 1-1 at ¶¶ 1-2, 6-7. Plaintiff Tiffany Martin was involved in an automobile accident when the Jeep she was driving was struck from behind by a vehicle owned and operated by Glenda Simmons. *Id.* at ¶¶ 6-10, 13. Plaintiff Tiffany Martin allegedly suffered injuries to her back that required medical treatment. *Id.* at ¶¶ 11-12, 14.

At the time of the accident, Plaintiff Sandy Martin maintained an insurance policy through Defendant, which included a provision for underinsured motorist (UIM) coverage. *Id.* at ¶¶ 15-19. Plaintiff Tiffany Martin attempted to settle with Defendant by demanding the policy limits of $200,000, but Defendant made no offers to settle the matter. *Id.* at ¶¶ 20-21. On August 7, 2015, Plaintiff Tiffany Martin sent Defendant a letter notifying that it was acting in bad faith. *Id.* at ¶ 22.

On August 20, 2015, Plaintiffs filed the instant bad faith action in the Court of Common Pleas for Horry County, South Carolina, against Defendant, alleging causes of action for breach of contract, violation of the implied covenant of good faith and fair dealing, insurance bad faith, and negligence. *Id.* at ¶¶ 23-49. On October 7, 2015, Defendant removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1.

After filing the instant action, Plaintiff Tiffany Martin separately filed a personal injury action against Simmons, the alleged at-fault driver, in the Horry County Court of Common Pleas on October 28, 2015. ECF No. 12 at 2; *see Tiffany M. Martin v. Glenda Simmons*, Case No. 2015-CP-26-7743, http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26002&Casenum=2015CP2607743&CaseType=V. Defendant appeared in the personal injury action on behalf of Simmons and filed a motion to dismiss on the basis that the lawsuit—which arose from the August 24, 2012 accident—was barred by the three-year statute of limitations for personal injury actions contained in section 15-3-530(5) of the South Carolina Code (2005). ECF No. 12 at 2. On January 20, 2016, the state circuit court granted Defendant's motion to dismiss. *Id.*; *see Martin v. Simmons*, Order filed Jan. 20, 2016, *available at* http://ctrack.sccourts.org/public/caseView.do?csIID=61467. On February 1, 2016, Plaintiff Tiffany Martin filed a timely notice of appeal of the circuit court's order; the appeal is currently pending before the South Carolina Court of Appeals. *Id.*

On February 16, 2016, Defendant filed the instant motion to dismiss, or in the alternative, motion to stay. ECF No. 12. Plaintiffs filed a timely response in opposition, and Defendant filed a timely reply. ECF Nos. 13 & 14.

## **Standard of Review**

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the

Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must state a "'plausible claim for relief'" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as he provides adequate detail about his claims to show he has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[1] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## **Discussion**

In its motion, Defendant argues the instant action is premature and must be dismissed because Plaintiffs filed it *before* filing and serving copies of the pleadings in the underlying personal injury action. ECF No. 12 at 3. Alternatively, Defendant requests that the Court stay this action pending

---

[1] Thus, in ruling on Defendant's motion to dismiss, the Court may take judicial notice of the state court records from Plaintiff Tiffany Martin's action against Simmons. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (indicating a court is authorized to take judicial notice of public information such as court documents without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

3

resolution of the appeal in the underlying action.  *Id.* at 3-4.

In response, Plaintiffs assert the Court should not dismiss this case because an appeal is pending in the underlying personal injury action.  ECF No. 13 at 2.  Plaintiffs state they "would concur with Defendant[] that this action should be stayed pending the resolution of the Plaintiff's [Tiffany Martin's] appeal." *Id.*

In its reply to Plaintiffs' response in opposition, Defendant argues the disposition of Plaintiff Tiffany Martin's state court appeal in the personal injury action "will have no effect on the prematurity of the instant bad faith/breach of contract action," and therefore the instant action should be dismissed.  ECF No. 14 at 3.  Alternatively, Defendant requests a stay of the deadlines in the scheduling order pending resolution of the appeal.  *Id.*

> Section 38-77-160 of the South Carolina Code states, in relevant part:
>
> *No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision.*  The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability . . . .  In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.

S.C. Code Ann. § 38-77-160 (2015) (emphasis added).  The South Carolina Supreme Court has applied section 38-77-160 and ruled a plaintiff cannot maintain a UIM action against an insurer "absent compliance with the requirement that pleadings in the action establishing liability be served on the underinsured carrier."  *Williams v. Selective Ins. Co. of Se.*, 315 S.C. 532, 534, 446 S.E.2d 402, 404 (1994); *see also Ex parte Allstate Ins. Co.*, 339 S.C. 202, 205 & n.4, 528 S.E.2d 679, 680-81 & n.4 (Ct.

App. 2000) (citing *Williams* and stating the requirement of service in § 38-77-160 is "absolute"). Recently, the United States Court of Appeals for the Fourth Circuit applied the holding in *Williams*, stating, "South Carolina law explicitly requires that an insured serve his UIM insurer with pleadings filed in a suit against the at-fault motorist prior to commencing *any action* . . . ." *Potylicki v. Allstate Ins. Co.*, 386 F. App'x 435, 438-39 (4th Cir. 2010). Other decisions within this district likewise recognize that if a plaintiff fails to serve upon the UIM insurer copies of the pleadings from the action establishing the tortfeasor's (e.g., the at-fault driver's) liability, the failure to serve constitutes a procedural bar to an action brought against the UIM insurer; this bar applies to both contract and tort claims asserted against the UIM insurer. *See, e.g.*, *Ecker v. Liberty Mut. Ins. Co.*, No. 8:15-cv-04040-MGL, 2015 WL 7568617, at *3 (D.S.C. Nov. 24, 2015); *Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155, at *6-7 (D.S.C. June 30, 2015); *Halmon v. Am. Int'l Grp. Ins. Co.*, 586 F. Supp. 2d 401, 404 (D.S.C. 2007).

In *Halmon*,[2] the insured plaintiff, who had been injured in an auto wreck, filed an action against his UIM insurer alleging contract and tort claims;[3] the same day, the plaintiff separately filed a personal injury action against the alleged at-fault driver. 586 F. Supp. 2d at 403. The plaintiff served copies of the pleadings from the personal injury action upon the insurer twenty days later. *Id.* The district court granted the insurer's motion to dismiss the plaintiff's UIM action and dismissed the case without prejudice as premature. *Id.* at 404-09 & n.3. Regarding the contract claims, the court ruled South Carolina law requires that an insured must establish legal liability on the part of the alleged at-fault

---

[2] The Fourth Circuit cited *Halmon* in its opinion in *Potylicki*, *supra*. *See* 386 F. App'x at 438.

[3] The plaintiff alleged claims for "bad faith, outrage, breach of contract accompanied by a fraudulent act, breach of contract, and improper claims practices." *Halmon*, 586 F. Supp. 2d at 403.

driver before an insurer is contractually required to pay UIM benefits. *Id.* at 404-05 (citing *Lawson v. Porter*, 256 S.C. 65, 68, 180 S.E.2d 643, 644 (1971)). Regarding the tort claims, including insurance bad faith, the court found the insurer had not violated any duty of good faith to the plaintiff regarding the payment of UIM benefits because that duty had not arisen at the time the plaintiff filed the complaint against the insurer, given the fact that the plaintiff had not yet served the insurer with copies of the pleadings in the personal injury action.[4] *Id.* at 405-09. *Compare Myers v. State Farm Mut. Auto. Ins. Co.*, 950 F. Supp. 148, 150 (D.S.C. 1997) ("At most, *Williams*, and § 38-77-160, only establish that the carrier's duty to act in good faith regarding underinsured benefits arises after the insured brings suit against the at-fault driver and serves the carrier with process."), *with Halmon*, 586 F. Supp. 2d at 408 ("*Myers* further held that "the carrier's duty to act in good faith regarding underinsured benefits arises *after* the insured brings suit against the at-fault driver and serves the carrier with process.'" (quoting *Myers*, 950 F. Supp. at 150)). *See also Cramer*, 2015 WL 3968155, at *7 (involving a factual scenario "identical" to that in *Halmon* and dismissing the plaintiff's breach of contract and bad faith claims against her UIM insurer).

Here, Plaintiffs commenced this action against Defendant, a UIM insurer, without first serving Defendant with copies of the pleadings from the personal injury action against Simmons, which had not yet even been filed. As the district court observed in *Halmon*, Defendant could not have breached its contract by refusing to disburse UIM benefits until Simmons's liability had been established in a state court proceeding. Likewise, at the time the instant case was filed, Defendant had not violated any duty of good faith regarding the payment of UIM benefits because that duty had not arisen at the time

---

[4] The court in *Halmon* dismissed the plaintiff's claims for bad faith as well as outrage and improper claims practices. 586 F. Supp. 2d at 408.

Plaintiffs filed this instant action. When Plaintiff Tiffany Martin filed her bad faith claim, she had not even yet filed or commenced an action against the alleged at-fault motorist Simmons, nor had she served Defendant with copies of the pleadings in the personal injury action in compliance with section 38-77-160. Thus, her bad faith claim was considered premature at the time she filed the instant action pursuant to section 38-77-160 and *Williams*.[5] Accordingly, the Court finds dismissal of this case is proper.

## Conclusion

The Court has thoroughly reviewed the entire record and has considered the applicable law. For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss [ECF No. 12] and **DISMISSES** this case ***without prejudice***.[6]

**IT IS SO ORDERED.**

Florence, South Carolina                                          s/ R. Bryan Harwell
August 24, 2016                                                      R. Bryan Harwell
                                                                              United States District Judge

---

[5] Although Plaintiff Tiffany Martin ultimately did file a personal injury action against Simmons (which was dismissed on statute of limitations grounds and is now on appeal), neither her filing of that action nor her appeal of its dismissal can "cure" the fact that the instant case was prematurely filed. Thus, a stay is not warranted. The Court reiterates it is dismissing this case *without prejudice* on the grounds of prematurity.

[6] The Court notes the contract and tort claims in the following cases (previously cited above) were likewise dismissed without prejudice as premature by the district court: *Potylicki*, 386 F. App'x at 436; *Halmon*, 586 F. Supp. 2d at 409 & n.3; and *Cramer*, 2015 WL 3968155, at *5-7.